UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. S1-4:08CR249 ERW |
| ) | |
| DONALD TURNER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b). This matter is before the Court on the Defendant's motion to dismiss Count VII of the indictment, in which the Defendant is charged with misprision of a felony, in violation of 18 U.S.C. § 4. Title 18 U.S.C. § 4 reads as follows:

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years or both.

The indictment in this case specifically tracks the language of the statute, states that the offense was committed on September 28, 2007, that the Defendant had actual knowledge of the manufacture of methamphetamine which was taking place on that date, and concealed this crime and did not make known as soon as possible to some judge or other person in civil authority its commission. Thus, the indictment tracks the statutory language and adds sufficient factual information to apprise the Defendant of the charge against him in enough detail so that he might prepare his defense, and to plead acquittal or conviction as a bar to further prosecution on the

same offense.  See Wong Tai v. United States, 273 U.S. 77 (1927).  Rule 7(c), Federal Rules of Criminal Procedure requires that the indictment be a plain, concise, and definite written statement of the essential facts constituting the offense charged.  An indictment is sufficient if the language of the indictment tracks the statutory language as it does in this case.  See United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008); Hamling v. United States, 418 U.S. 87 (1974).

Therefore, for the above reasons, the undersigned concludes that Count VII of the indictment tracks the language of the statute and is therefore sufficient.

The undersigned also notes that concealment is charged in the indictment, however because the undersigned concludes that the manner in which the offense was concealed is for proof at trial, it is not necessary that the specific manner of the concealment be alleged in the indictment for the indictment to be sufficient.  Therefore, the undersigned concludes that the indictment should not be dismissed.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant Turner's Motion to Dismiss [Doc.#81--dated 9/30/08] be **denied**.

Further, the parties are advised that they have until November 13, 2008 in which to file written objections to this recommendation and determination.  Failure to timely file objections may result in waiver of the right to appeal questions of fact.  Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

                                                             /s/ Terry I. Adelman  
                                         UNITED STATES MAGISTRATE JUDGE

Dated this  4th  day of November, 2008.