UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CR00249 ERW |
| ) | |
| DONALD TURNER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Terry I. Adelman as to Defendant Turner's Motion to Suppress Evidence and Statements [doc. #91] and the Report and Recommendation of United States Magistrate Judge Terry I. Adelman as to Defendant Turner's Motion to Dismiss [doc. #92], pursuant to 28 U.S.C. § 636(b).

Defendant Donald Turner ("Defendant") filed a Motion to Dismiss [doc. #81], asking that the Court dismiss Count VII of his indictment, in which he is charged with misprision of a felony, in violation of 18 U.S.C. § 4. Defendant also filed a Motion to Suppress Evidence and Statements [doc. #82]. Magistrate Judge Adelman issued a Report and Recommendation for each Motion, concluding that both should be denied. Defendant made general objections to both of the Reports and Recommendations. The Court concludes that the Magistrate Judge's findings were correct, and therefore adopts the Magistrate Judge's findings of facts and conclusions of law.

## I. LEGAL STANDARD

"[W]hen a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo review determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (*citing* 28 U.S.C. § 636 (b)(1)).[1] The district court has wide discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. FINDINGS OF FACT

On September 28, 2007, Detective Shawn Cope and other narcotics detectives with the Jefferson County Municipal Enforcement Group responded to a report from patrol officers that an odor associated with the manufacture of methamphetamine had been detected at 3850 Fountain City Road in DeSoto, Missouri. Upon arrival at the residence, the officers detected a mixture of odors, including anhydrous ammonia, acetone, and starter fluid, ingredients commonly used in the manufacture of methamphetamine. The officers could see the front of the house from the street.

As the officers approached the residence, they noticed that the smell got stronger. The officers observed through a window that there were two individuals, later identified as the Defendant and Larry Sanders, sitting at the kitchen table. They also observed that the table had numerous items on it, including currency. They knocked on the door and identified themselves,

---

[1] 28 U.S.C. § 636(b)(1)(B) provides that "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court . . . ." The statute further provides that each party may file written objections within ten days of being served with a copy of the magistrate judge's report and recommendation. *Id.* § 636(b)(1).

but the individuals inside the residence did not come to the door. Instead, Mr. Sanders and the Defendant stood up from the table and walked away, in different directions. Some of the officers went to the rear of the house and were able to see into the basement of the residence, where they observed the Defendant pacing back and forth. They also observed that the back door to the residence was blockaded. The officers that had gone to the rear of the house returned to the front and joined the remaining officers. They again announced their presence and advised the occupants of the house that, unless they answered the door, the officers would enter forcibly for public safety reasons.[2] After making this announcement several times to no avail, the officers entered the residence.

Upon entering the house, the officers noted that the odor had grown stronger, and that there were numerous items associated with the manufacture of methamphetamine on the kitchen table where Mr. Sanders and the Defendant had been seated earlier, including: Rubbermaid containers with liquids, hydrogen peroxide, acetone, Ziploc baggies, Coleman camp fuel, a bucket of liquid, plastic funnels, a scale, tubing, duct tape, grinders, latex gloves, coffee filters, a fan, a clear pitcher, empty jugs, Mason jars, Pyrex dishes, a digital scale, a baggie containing powder, and currency. Outside of the house, the officers found several anhydrous tanks, used to store anhydrous ammonia, in the engine compartment of a pick-up truck. The engine had been removed from the truck and the tanks were in its place.

---

[2] Officer Cope testified that the chemicals used to manufacture methamphetamine are very hazardous to humans. He also testified that they never know who will be inside a residence; it could be a child or an elderly person who needs assistance. As a result, the practice of officers when detecting an odor of such chemicals is to make entry and remove any living individuals from the house.

The officers located Mr. Sanders upstairs in the bathroom, and found the Defendant in the basement of the house. They were taken to the station for booking, at which time the Defendant gave a home address in Richwoods, Missouri, and gave no indication that he resided at 3850 Fountain City Road in DeSoto, Missouri.

## III. DISCUSSION

### A. MOTION TO SUPPRESS EVIDENCE AND STATEMENTS

In his Motion to Suppress, Defendant argues that all statements and physical evidence obtained by the government on September 28, 2007, should be suppressed. Specifically, he asked the Court to suppress: statements made by Defendant after his illegal arrest; statements made by Defendant on September 28, 2007; statements made by Defendant without having first been advised of his Constitutional rights; and all physical evidence retrieved from Defendant's person or in which Defendant has a privacy interest that was the result of an illegal search or intrusion. In its Response to Defendant's Motion to Suppress Evidence, the Government noted that it was not seeking to introduce any statements made by the Defendant, nor was it seeking to introduce any evidence seized from Defendant's person. Thus, the sole issue remaining in Defendant's Motion to Suppress is whether the physical evidence in which Defendant has a privacy interest was obtained as a result of an illegal search and intrusion. Magistrate Judge Adelman found that the search of the premises and the seizure of drug manufacturing materials was lawful. This Court agrees.

First, the officers' initial entry onto the property was lawful because there is no reasonable expectation of privacy in the pathway used to get from the street to the front door of a house or in the front door area of the house. "The standard for determining when the search of an area

4

surrounding a residence violates fourth amendment guarantees no longer depends on outmoded property concepts, but whether the defendant has a legitimate expectation of privacy in that area." *United States v. Ventling*, 678 F.2d 63, 66 (8th Cir. 1982); *see also United States v. Lakoskey*, 462 F.3d 965, 973 (8th Cir. 2006). Without even considering the argument that Defendant had no legitimate expectation of privacy in the property because he did not reside there, it is clear that there can be no legitimate expectation of privacy in the pathway that the officers took to get to the front door. This pathway is used by the general public to approach the house for business and social purposes and can be used in the same manner by police officers. *See generally United States v. Reyes*, 283 F.3d 446, 465-66 (2d Cir. 2002) ("Since the route which any visitor to a residence would use is not private in the Fourth Amendment sense, when police take that route for the purpose of making a general inquiry or for some other legitimate reason, they are free to keep their eyes open." (internal quotations omitted)); *United States v. Reed*, 733 F.2d 492, 501 (8th Cir 1984) ("[N]o Fourth Amendment search occurs when police officers who enter private property restrict their movements to those areas generally made accessible to visitors-such as driveways, walkways, or similar passageways.").

The officers' entry into the house and subsequent search thereof was also lawful, because it was based on probable cause and exigent circumstances. Although obtaining a search warrant is preferable, a warrantless search is permissible when "'justified by both probable cause and exigent circumstances.'" *Kleinholz v. United States*, 339 F.3d 674, 676 (8th Cir. 2003) (quoting *United States v. Walsh*, 299 F.3d 729, 733 (8th Cir. 2002)).

In this case, it is clear that the officers had probable cause. "Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability

5

that contraband or evidence of a crime would be found in a particular place." *Id.* (quoting *United States v. Fladten*, 230 F.3d 1083, 1085 (8th Cir. 2000)). Here, the officers looked through the window of the house and saw currency and other items on the table.[3] They also observed that when they announced their presence, the Defendant and Mr. Sanders moved away from the kitchen table and to less visible parts of the house. Finally, and most importantly, the officers had received reports of and had smelled firsthand odors commonly associated with the manufacture of methamphetamine. While "[t]he smell of ether might alone support a finding of probable cause," "certainly such an odor coupled with other facts support a finding of probable cause." *Id.* (citing *United States v. Clayton*, 210 F.3d 841, 845 (8th Cir. 2000); *United States v. Ryan*, 293 F.3d 1059, 1062 (8th Cir. 2002)). Thus, the officers clearly had probable cause to believe that the manufacture of methamphetamine was occurring on September 28, 2007, at 3850 Fountain City Road in DeSoto, Missouri.

Additionally, exigent circumstances existed, justifying a warrantless search. The manufacture of methamphetamine is an inherently dangerous activity, creating significant risks of fire and explosion. The Eighth Circuit has consistently held that exigent circumstances exist when there is suspicion of a methamphetamine lab and that law enforcement officials are permitted to reenter the house after confirming the presence of the lab, to ensure that it is safe. *Id.*; *see also United States v. Walsh*, 299 F.3d 729, 734 (8th Cir. 2002). Further, "once law enforcement [enters] the house legally, pursuant to probable cause and exigent circumstances, they [are] not required to ignore the illegal drug operation; rather they [are] free to take note of and even seize

---

[3]These observations, made through a window near the entry to the residence, were lawful, as anything seen by the officers was in "plain view." *See United States v. Carlson*, 697 F.2d 231, 238 (8th Cir. 1983).

6

anything in 'plain view.'" *Id.* (citing *United States v. Collins*, 321 F.3d 691, 694 (8th Cir. 2003)). Here, the officers suspected that methamphetamine was being manufactured at 3850 Fountain City Road because of the strong odor. Due to the significant risk of fire and explosion, exigent circumstances existed, permitting the officers to enter the house to confirm the presence of the lab and, subsequently, to ensure that the lab was safe. That the officers located and seized evidence while performing these tasks is not problematic, because the evidence was in plain view. Thus, the seizure of the equipment used in the manufacture of methamphetamine was lawful and the evidence is admissible.

Finally, the anhydrous ammonia tanks that were found in the engine compartment of the pick-up truck were lawfully seized and are fully admissible. In order to have standing to challenge a warrantless search, the Defendant must demonstrate that he had a reasonable expectation of privacy in the area searched. *See Oliver v. United States*, 466 U.S. 170 (1984). The ownership or control of the place searched is a highly relevant consideration; in fact, "[t]he United States Supreme Court has explicitly determined that a person has no reasonable expectation of privacy in an automobile belonging to another." *United States v. Green*, 275 F.3d 694, 699 (8th Cir. 2001). Here, Defendant has not suggested that he has any connection whatsoever to the truck; indeed, it is highly unlikely that such a connection exists, considering that he does not reside at 3850 Fountain City Road and that he could not have driven the truck to the property since it did not have an engine. Thus, Defendant did not have a reasonable expectation of privacy in the truck and the evidence seized therefrom should not be suppressed.

**B.     MOTION TO DISMISS COUNT VII**

In his Motion to Dismiss, Defendant alleges that Count VII of the indictment, in which he is charged with misprision of a felony under 18 U.S.C. § 4, is vague in that it does not specifically identify what affirmative act he is alleged to have taken to conceal the felony. The offense of misprision of a felony provides:

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

18 U.S.C. § 4.

Federal Rule of Criminal Procedure 7(c)(1) sets forth the requirements for an indictment: "The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." The indictment must "advise the defendant of the nature and cause of the accusation in order that he may meet it and prepare for trial." *Wong Tai v. United States*, 273 U.S. 77, 80-81 (1927). Indictments are generally sufficient when they merely track the statutory language. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008).

Count VII of the Superseding Indictment charges that:

> On or about September 28, 2007, in the Eastern District of Missouri, the defendant, Donald Turner, having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit: the manufacture of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), did conceal and did not as soon as possible make known to some judge or other person in civil authority under the United States that the felony had been committed.

Clearly, this language tracks the statutory language. The indictment establishes when the offense occurred, that Defendant had knowledge of the manufacture of methamphetamine, concealed the

crime, and did not make known to a judge or other person in civil authority as soon as possible. Sufficient information is provided to advise the Defendant of the charges against him and the indictment tracks the language of the statute. Thus, Count VII of the indictment is sufficient and should not be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Turner's Motion to Suppress Evidence and Statements [doc. #82] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Turner's Motion to Dismiss [doc. #81] is **DENIED**.

Dated this 18th Day of November, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE